McKinney, J.,
delivered the opinion of the Court.
This suit was commenced before a justice of the peace, under the third section of the act of 1813, ch. 135, which prohibits all traffic with slaves (exceept for articles of “their own manufacture”) without permission of the .owner.
The first section prescribes the penalty, and likewise the mode of recovery, as follows: the person so offending “ shall be fined in a sum not less than five, nor more than ten dollars; to be recovered before any justice of the peace of the county wherein such offence shall' be committed; one-half to the use of the person who shall sue for the same, the other half to the use of the owner of such slave or slaves.” -
In that part of the act which declares the penalty, there is a want of exact technical precision in the use of the word “fined,” but, notwithstanding, from the whole of the first section taken together, the meaning of the law is plain enough.'
The mode of recovery contemplated by the Legislature was not, as has been assumed, in the form of a *73 criminal proceeding: the inaccurate use of the word “fined” — upon which this assumption is based — does not warrant any such construction. The meaning obviously is, that the offending party should be subject to the penalty of not less than five nor mere than ten dollars, in the discretion of the justice. The construction contended for derives no support from the omission of the Legislature to prescribe any form of action. It is a familiar principle of pleading, that if a statute prohibit the doing an act, under a penalty or forfeiture, and do not prescribe any mode of recovery, debt may be maintained. 1 Chitty’s Pl., 127.
The objection, that no right of recovery is given to the master or owner of the .slave, is not well founded. True, the statute does not, in express terms, give the master the right to sue for the penalty; but it must be implied that it was the intention of the Legislature that he should have such right. The master, in general, is the person injured by the violation of the statute; and, in reason, the recovery should inure to his benefit. And the Legislature intended, not to deny him the right of recovery, but to provide that, if a stranger stepped in before him and sought to recover the penalty, that, still, one-half of the penalty should inure to the masters’s use.
Thus far, and upon all the other points made in the case, the instructions of the Court were correct, except as to the effect of the parol evidence of a former recovery. The plaintiff in making out his case before the jury — as would seem from the record before us — saw proper to prove the fact, by his own witness, that he had recovered a former judgment against the defendant *74 for $10, before a justice of the peace, for the same cause of action for which the present recovery was had. Of this no explanation is given in the proof, and prima facie the former judgment was regularly obtained and remains in full force. The defendant offered no evidence whatever, as it appears. Acting upon the assumption, as, for the present, we feel bound to do, that such former judgment was obtained, the present suit cannot be maintained. The plaintiff, who voluntarily made this proof, cannot now escape the consequences on the ground that the record of the former suit was not produced. It is very true, that the defendant could not have set up this ground of defence without the production of the record, had not the plaintiff, by his own proof, dispensed with the necessity of the higher evidence; The point is, that the plaintiff by his own evidence, which was allowed to go to the jury without any objection on either side, has defeated his right to maintain the present action.
Taking the case as presented in the record, the judgment must be reversed on the latter ground alone. On another trial the plaintiff will have an opportunity to present his case properly, and the defendant to make his defence.
Judgment reversed.